UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. 10-CR-10356-PBS |
| ) | |
| v. ) | VIOLATIONS: |
| ) | |
| PRINCE CHARLES EWEKA, ) | 18 U.S.C. § 1343 (Wire Fraud) |
| ) | 18 U.S.C. § 981 (Civil Forfeiture) |
| Defendant. ) | 18 U.S.C. § 982 (Criminal Forfeiture) |
| ) | 28 U.S.C. § 2461 (Forfeiture – Recovery) |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

At times material to this Indictment:

#### THE DEFENDANT

1.   Defendant PRINCE CHARLES EWEKA ("EWEKA") resided in Canton, Massachusetts.

2.   EWEKA controlled and did business as Von Buren Real Estate, an entity that purported to do business in the real estate industry.

3.   The 50 Bradshaw Street Realty Trust was a trust for which EWEKA was the trustee.

4.   The Topliff Street Realty Trust was a trust for which EWEKA was the trustee.

#### THE CLOSING ATTORNEY

5.   B.B. was an attorney licensed to practice law in the Commonwealth of Massachusetts. B.B. maintained a law office in Littleton, Massachusetts, and controlled bank account no. xxxxxx5505 at RBS Citizens Bank in Massachusetts.

## THE STRAW BUYERS

6. Individuals referred to herein as L.J.M., B.S., S.T., C.D., B.Bo., R.B., and J.P. were persons who were recruited to serve as "straw buyers."

7. As used in this Indictment, the term "straw buyer" refers to an individual in whose name real property was purchased and in whose name mortgage financing was fraudulently obtained. In most instances, straw buyers made no down payment, paid no closing costs, had no intention to reside in the real property, and had no personal capacity or personal intention to make the mortgage loan payments.

## THE MORTGAGE LENDERS

8. New Century Mortgage Corp. was a real estate mortgage company with an address at 18400 Von Karman, Suite 1000, Irvine, California.

9. Countrywide Home Loans, Inc. ("Countrywide Home Loans") was a real estate mortgage company with an address at 4500 Park Granada, MSN# SVB-314, Calabasas, California.

10. New Century Mortgage Corp. and Countrywide Home Loans are collectively referred to herein as "the mortgage lenders."

11. As a matter of business routine, the mortgage lenders transmitted the proceeds of mortgage loans to real estate closing attorneys to be held in escrow pending closing of the real estate transactions to be funded.

## OVERVIEW OF FRAUD

12. Beginning not later than in or about April 2003, and continuing through in or about November 2007, EWEKA – acting in concert with others known and unknown to the Grand Jury – defrauded and obtained money and property from various mortgage lenders by

means of material false and fraudulent pretenses, representations and promises, in connection with the financing of residential real estate transactions in Massachusetts.

    13.    The fraud was executed in the following manner:

        a.    In order to sell various residential buildings that he controlled, EWEKA recruited and arranged for straw buyers to purchase condominium units in those buildings. In recruiting and arranging for straw buyers to make these property purchases, EWEKA, at various times:

            i.    Paid straw buyers to participate in the condominium purchases;

            ii.    Arranged for straw buyers to obtain mortgage loans from the mortgage lenders to finance the purchase of condominiums;

            iii.    Promised straw buyers that they did not have to make down payments or pay any funds in connection with the condominium purchases; and

            iv.    Promised straw buyers that mortgage payments would be made on behalf of the straw buyers.

        b.    EWEKA and others acting in concert with him caused mortgage loan applications and supporting documents to be prepared that contained various misrepresentations, including: (i) falsely inflated purchase prices for the condominiums; (ii) false representations regarding straw buyers' monthly income; (iii) false representations regarding straw buyers' employment; (iv) false representations that straw buyers owned substantial assets; and (v) false representations that straw buyers intended to occupy the condominiums as their "primary" residence.

3

  c. On various occasions, EWEKA funded the purchase of bank checks and other checks to be used for down payments towards the straw buyers' condominium purchases. These down payments were falsely represented on HUD-1 settlement statements for the respective property transactions as having been made by straw buyers. These HUD-1 settlement statements, along with mortgage loan applications containing false representations and other false and fraudulent loan closing documents, were submitted to mortgage lenders.

14. Because the straw buyers lacked either the means or the intention of paying their mortgages, mortgage loans went into default and subsequently into foreclosure.

## MANNER AND MEANS OF THE FRAUD

15. At various times, EWEKA was the named owner of residential buildings located at 50 Bradshaw Street, Dorchester, Massachusetts and at 79 Topliff Street, Dorchester, Massachusetts. In the case of each property, EWEKA – through a trust for which he was trustee – conveyed title to his mother, P.O., for $1. Title for 79 Topliff Street was subsequently conveyed from P.O. to EWEKA's sister, M.S., and thereafter from M.S. to another sister of EWEKA, M.O.

16. EWEKA recruited and arranged for straw buyers to purchase units in the above-referenced buildings as set forth below, and caused the above-referenced buildings to be converted into condominiums so that the units could be sold individually.

## 50 BRADSHAW STREET
### Dorchester, Massachusetts

17.  In or about May 2003, EWEKA conveyed title to the property at 50 Bradshaw Street, Dorchester, Massachusetts to his mother, P.O., for $1 through an entity called the 50 Bradshaw Street Realty Trust.

18.  In or about November 2006, the building was converted into condominiums.

19.  From in or about August 2006, through in or about January 2007, EWEKA recruited and arranged for six straw buyers to purchase units in the building located at 50 Bradshaw Street: (a) L.J.M. for Unit 2A; (b) B.S. for Unit 1B; (c) S.T. for Unit 2B; (d) C.D. for Unit 3A; and (e) B.Bo. and R.B. for Unit 1A.

### *Unit 2A*

20.  In or about November 2006, EWEKA caused mortgage loan applications and other documentation in the name of L.J.M. to be created and submitted to Countrywide Home Loans seeking a $153,000 loan for the purchase of 50 Bradshaw Street, Unit 2A.

21.  The mortgage loan applications contained material false representations, including false statements regarding L.J.M.'s employment, monthly income, and/or assets.

22.  On or about November 21, 2006, in connection with the closing on the sale of 50 Bradshaw Street, Unit 2A, a HUD-1 settlement statement was submitted to Countrywide Home Loans. The HUD-1 settlement statement contained material false representations, including that the purchase price for the unit was $180,000, and that L.J.M. made a down payment of $27,000. In fact, this purported down payment was funded by EWEKA.

### *Unit 1B*

23. In or about November 2006, EWEKA caused a mortgage loan application and other documentation in the name of B.S. to be created and submitted to New Century Mortgage Corp. seeking a $153,000 loan for the purchase of 50 Bradshaw Street, Unit 1B.

24. The mortgage loan application contained material false representations, including false statements regarding B.S.'s monthly income, assets, and intent to occupy the property as his primary residence. The loan application also contained a material false representation regarding a $27,000 down payment purportedly made by B.S.

25. On or about November 21, 2006, in connection with the closing on the sale of 50 Bradshaw Street, Unit 1B, a HUD-1 settlement statement was submitted to New Century Mortgage Corp. The HUD-1 settlement statement contained material false representations, including that the purchase price for the unit was $180,000, and that B.S. made a down payment of $27,000. In fact, this purported down payment was funded by EWEKA.

### *Unit 2B*

26. In or about November 2006, EWEKA caused a mortgage loan application and other documentation in the name of S.T. to be created and submitted to Countrywide Home Loans seeking a $208,250 loan for the purchase of 50 Bradshaw Street, Unit 2B.

27. The mortgage loan application contained material false representations, including false statements regarding S.T.'s monthly income, assets, and intent to occupy the property as her primary residence.

28. On or about November 22, 2006, in connection with the closing on the sale of 50 Bradshaw Street, Unit 2B, a HUD-1 settlement statement was submitted to Countrywide Home Loans. The HUD-1 settlement statement contained material false representations, including that

6

the purchase price for the unit was $245,000, and that S.T. made a down payment of $37,000. In fact, this purported down payment was funded by EWEKA.

### *Unit 3A*

29. In or about January 2007, EWEKA caused a mortgage loan application and other documentation in the name of C.D. to be created and submitted to New Century Mortgage Corp. seeking a $283,500 loan for the purchase of 50 Bradshaw Street, Unit 3A.

30. The mortgage loan application contained material false representations, including false statements regarding C.D.'s employment, monthly income, and intent to occupy the property as her primary residence.

31. On or about January 10, 2007, in connection with the closing on the sale of 50 Bradshaw Street, Unit 3A, a HUD-1 settlement statement was submitted to New Century Mortgage Corp. The HUD-1 settlement statement contained material false representations, including that the purchase price for the unit was $315,000, and that C.D. made a down payment of $31,500. In fact, this purported down payment was funded by EWEKA.

### *Unit 1A*

32. In or about January 2007, EWEKA caused a mortgage loan application and other documentation in the names of B.Bo. and R.B. to be created and submitted to New Century Mortgage Corp. seeking a $216,750 loan for the purchase of 50 Bradshaw Street, Unit 1A.

33. The mortgage loan application contained material false representations, including false statements regarding R.B.'s monthly income, and B. Bo.'s and R.B.'s combined monthly income.

34. On or about January 17, 2006, in connection with the closing on the sale of 50 Bradshaw Street, Unit 1A, a HUD-1 settlement statement was submitted to New Century

Mortgage Corp. The HUD-1 settlement statement contained material false representations, including that the purchase price for the unit was $255,000, and that B.Bo. and R.B. paid $38,250 at the closing.

## 79 TOPLIFF STREET
## Dorchester, Massachusetts

35.   In or about March 2003, EWEKA conveyed title to the property at 79 Topliff Street, Dorchester, Massachusetts to his mother, P.O., for $1 through an entity called the Topliff Street Realty Trust.

36.   In or about February 2004, P.O. purportedly sold the property at 79 Topliff Street to M.S., EWEKA's sister, for $475,000.

37.   In or about December 2005, M.S. purportedly sold the property at 79 Topliff Street to M.O., EWEKA's sister, for $582,000.

38.   In or about January 2007, the building was converted into condominiums.

39.   From in or about August 2006, through in or about January 2007, EWEKA recruited and arranged for four straw buyers to purchase units in the building located at 79 Topliff Street: (a) J.P. for Unit 3; (b) L.J.M. for Unit 2; and (c) B.Bo. and R.B. for Unit 1.

### *Unit 3*

40.   In or about January 2007, EWEKA caused a mortgage loan application and other documentation in the name of J.P. to be created and submitted to New Century Mortgage Corp. seeking a $283,050 loan for the purchase of 79 Topliff Street, Unit 3.

41.   The mortgage loan application contained material false representations, including false statements regarding J.P.'s monthly income, and intent to occupy the property as his primary residence.

8

42.     On or about January 10, 2006, in connection with the closing on the sale of 79 Topliff Street, Unit 3, a HUD-1 settlement statement was submitted to New Century Mortgage Corp. The HUD-1 settlement statement contained material false representations, including that the purchase price for the unit was $333,000, and that J.P. made a down payment of $49,980. In fact, this purported down payment was funded by EWEKA.

### *Unit 2*

43.     In or about January 2007, EWEKA caused a mortgage loan application and other documentation in the name of L.J.M. to be created and submitted to New Century Mortgage Corp. seeking a $283,050 loan for the purchase of 79 Topliff Street, Unit 2.

44.     The mortgage loan application contained material false representations, including false statements regarding L.J.M.'s monthly income, and intent to occupy the property as her primary residence.

45.     On or about January 10, 2006, in connection with the closing on the sale of 79 Topliff Street, Unit 2, a HUD-1 settlement statement was submitted to New Century Mortgage Corp. The HUD-1 settlement statement contained material false representations, including that the purchase price for the unit was $333,000, and that L.J.M. made a down payment of $49,950. In fact, this purported down payment was funded by EWEKA.

### *Unit 1*

46.     In or about January 2007, EWEKA caused a mortgage loan application and other documentation in the names of B.Bo. and R.B. to be created and submitted to New Century Mortgage Corp. seeking a $283,050 loan for the purchase of 79 Topliff Street, Unit 1.

47.     The mortgage loan application contained material false representations, including false statements regarding R.B.'s monthly income, and B. Bo.'s and R.B.'s combined monthly income.

48.     On or about January 17, 2006, in connection with the closing on the sale of 79 Topliff Street, Unit 1, a HUD-1 settlement statement was submitted to New Century Mortgage Corp. The HUD-1 settlement statement contained material false representations, including that the purchase price for the unit was $333,000, and that B.Bo. and R.B. paid $49,950 at the closing.

## COUNTS ONE THROUGH EIGHT
(Wire Fraud – 18 U.S.C. § 1343)

49. The Grand Jury re-alleges and incorporates paragraphs 1 through 48 of this Indictment as if fully set forth herein.

50. On or about the dates set forth below, in the District of Massachusetts and elsewhere,

### PRINCE CHARLES EWEKA,

the defendant herein, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, did cause writings, signs, signals, pictures and sounds to be transmitted by means of wire communication in interstate commerce for the purpose of executing such scheme and artifice, namely wire transfers of mortgage loan proceeds to the account of B.B., no. xxxxxx5505, at RBS Citizens Bank in Boston, Massachusetts, as follows:

| COUNT | DATE | PROPERTY | MORTGAGE LENDER | WIRE TRANSFER |
|---|---|---|---|---|
| 1 | 11/21/2006 | 50 Bradshaw Street, Unit 2A, Dorchester, MA | Countrywide Home Loans | $154,194.80 from an account at Bank of New York in New York, NY. |
| 2 | 11/22/2006 | 50 Bradshaw Street, Unit 1B, Dorchester, MA | New Century Mortgage Corp. | $154,477.27 from an account at Deutsche Bank Trust Co. Americas in New York, NY. |
| 3 | 11/24/2006 | 50 Bradshaw Street, Unit 2B, Dorchester, MA | Countrywide Home Loans | $206,259.09 from an account at Bank of New York in New York, NY. |
| 4 | 1/11/2007 | 79 Topliff Street, Unit 3, Dorchester, MA | New Century Mortgage Corp. | $288,617.40 from an account at Deutsche Bank Trust Co. Americas in New York, NY. |

11

| 5 | 1/11/2007 | 79 Topliff Street, Unit 2, Dorchester, MA | New Century Mortgage Corp. | $285,651.50 from an account at Deutsche Bank Trust Co. Americas in New York, NY. |
| --- | --- | --- | --- | --- |
| 6 | 1/11/2007 | 50 Bradshaw Street, Unit 3A, Dorchester, MA | New Century Mortgage Corp. | $286,153.30 from an account at Deutsche Bank Trust Co. Americas in New York, NY. |
| 7 | 1/17/2007 | 79 Topliff Street, Unit 1, Dorchester, MA | New Century Mortgage Corp. | $286,559.40 from an account at Deutsche Bank Trust Co. Americas in New York, NY. |
| 8 | 1/17/2007 | 50 Bradshaw Street, Unit 1A, Dorchester, MA | New Century Mortgage Corp. | $218,876.95 from account at Deutsche Bank Trust Co. Americas in New York, NY. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS
(18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(2))

51. Upon conviction of one or more of the offenses alleged in Counts One through Eight of the Indictment, the defendant,

### PRINCE CHARLES EWEKA,

shall forfeit to the United States (a) any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and/or (b) any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation pursuant to 18 U.S.C. §982(a)(2).

The property to be forfeited by the defendant includes, but is not limited to, at least $548,000 in United States currency representing the defendant's illegal proceeds from the offenses alleged in Counts One through Eight of the Indictment.

52. If any of the property described in paragraph 51 hereof as being forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and/or 18 U.S.C. § 982(a)(2) as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. §982(b)(1), incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the defendant up to the value of the property described in subparagraphs a through e of this paragraph.

All pursuant to Title 18, United States Code, Section 981; Title 28, United States Code, Section 2461(c); and Title 18, United States Code, Section 982.

A TRUE BILL

*Linda Hill*
Foreperson of the Grand Jury

*[signature]*
RYAN M. DISANTIS
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS			October 27, 2010

Returned into the District Court by the Grand Jurors and filed.

*[signature]* 10/27/2010
Deputy Clerk
11:58 AM

15